IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP LITCHFIELD, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>EXAMSOFT WORLDWIDE, INC.,<br><br>    *Defendant*. | Honorable Thomas M. Durkin<br><br>Case No. 1:14-cv-5971 |

**MEMORANDUM OF LAW**
**IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS**

Plaintiff Phillip Litchfield ("Plaintiff") and Defendant ExamSoft Worldwide, Inc. ("ExamSoft" or "Defendant") submit this memorandum of law in support of their joint motion to stay proceedings in the above-captioned action pending mediation before Rodney A. Max, of Upchurch Watson White & Max (the "Motion"). In support of their Motion, the moving parties state as follows:

**BACKGROUND**

This putative class action lawsuit arises out of the alleged malfunction of Defendant's software program, known as SofTest, which was used by applicants sitting for the July 2014 bar exam. Plaintiff's complaint, filed on August 4, 2014, asserts various causes of action against ExamSoft including, *inter alia*, breach of contract and negligence in connection with the alleged software failure. Additionally, five other putative class action complaints asserting substantially similar causes of action grounded in substantially similar alleged facts (collectively, the "Related Actions") have been filed and are now pending in various district courts across the country.

1

Defendant and Plaintiff in this action, as well as plaintiffs in all of the Related Actions, recently agreed to engage in a global mediation before Mr. Max in Chicago, Illinois, at a date to be determined but prior to February 2015.[1] Accordingly, the parties to the present action jointly seek to stay proceedings in this action until February 13, 2015, at which time they will file a joint status report informing the Court as to the status of their mediation efforts, including whether a resolution has been reached and if the parties believe a scheduling conference should be set. The parties to the Related Actions are seeking substantially similar stays in each of those proceedings.

## ARGUMENT

It is well within the power of a district court to stay proceedings in consideration of extrajudicial activities such as mediation. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (affirming stay of case pending appeal in another case that was "likely to have a substantial or controlling effect on the claims and issues in the stayed case"); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

---

[1] Based upon Mr. Max's availability, it appears likely that the mediation will proceed in January 2015. The parties are currently coordinating schedules across each of the Related Actions.

When determining whether to issue such a stay, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. Specifically, the competing interests to be balanced in determining whether to enter a stay in this case are (i) the potential prejudice to the non-moving party, (ii) the hardship to the movant should a stay not be granted, and (iii) the conservation of judicial resources. *See JBR, Inc. v. Keurig Green Mountain, Inc.*, 2:14-CV-00677-KJM, 2014 WL 1767701 (E.D. Cal. May 2, 2014); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008); *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, No. 00 C 0905, 2001 WL 32852, at *1-*2 (N.D. Ill. Jan. 12, 2001); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

In the case at bar, the balance of these interests clearly weighs in favor of staying proceedings. There is no risk of prejudice here, since the parties jointly seek a stay. *See Deherra v. Decker Truck Line, Inc.*, No. 13-CV-02556-RM-KLM, 2014 WL 37236 (D. Colo. Jan. 6, 2014) ("In this case, staying discovery would not prejudice Plaintiff as they jointly seek this stay."); *Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167 SLT, 2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) ("[T]he motion remains unopposed, and thus no prejudice has been identified."). On the other hand, failure to grant a stay would impose unnecessary litigation expense upon the parties and detract from mediation efforts in the present action and Related Actions. Finally, staying the present proceeding would prevent waste of judicial resources on pretrial proceedings (*e.g.*, a motion to dismiss) that may prove moot should the parties ultimately be able to reach a resolution of this matter. *See Cypress Chase Condo. Ass'n A v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) (Cohn, J.) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency."); *Ureta v. Sharp Deal Autos. Corp.*, No. 09-23766-CIV, 2010

3

WL 2350711, at *1 (S.D. Fla. June 11, 2010) (Simonton, J.) ("Accordingly, in an effort to preserve judicial resources and to avoid inconsistent results, it is appropriate to stay this matter[.]"); *Innovative Patented Tech., LLC v. Samsung Elecs. Co., Ltd.*, No. 07-81148-CIV, 2008 WL 2726914, at *1 (July 10, 2008); *Wheeler v. Noteworld, LLC*, CV-10-0202-LRS, 2012 WL 1424392 (E.D. Wash. Apr. 24, 2012) ("[J]udicial economy dictates staying the present action . . . [since] this proceeding could be rendered moot."); *Canal Props. LLC v. Alliant Tax Credit V, Inc.*, No. C04-03201 SI, 2005 WL 1562807 (N.D. Cal. June 29, 2005) (holding that "it would be a poor use of judicial resources to proceed" with pending litigation where an extraneous proceeding could have preclusive effect); *Tench v. Jackson Nat'l Life Ins. Co.*, 99 C 5182, 1999 WL 1044923 (N.D. Ill. Nov. 12, 1999) ("[S]tays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources.").

     Indeed, district courts routinely grant motions to stay under circumstances such as those present here. *See Am. Airlines, Inc. v. Travelport Ltd.*, 4:11-CV-244-Y, 2012 WL 4762034 (N.D. Tex. Sept. 6, 2012) (granting motion to stay pending mediation where parties agreed to stay, stay would conserve resources of parties, and stay would not unfairly prejudice any party); *ArrivalStar, S.A. v. Blue Sky Network, LLC*, CV 11-4479 SBA, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) ("[S]taying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party."); *Perry v. Nat'l City Mortg., Inc.*, No. 05-CV-891 DRH, 2007 WL 2122417 (S.D. Ill. July 20, 2007) (granting joint stay motion "[i]n order to encourage a global resolution of [the] dispute without prejudicing the rights of the putative class members or parties"). Accordingly, the parties respectfully request that the Court stay proceedings in the present action until February 13, 2015, at which time they will file a joint

status report informing the Court of the status of their mediation efforts, including whether a resolution has been reached and if they believe a scheduling conference should be set.

## CONCLUSION

For the reasons set forth above, the parties jointly request that the Court stay proceedings in this action until February 13, 2015, at which time they will file a joint status report informing the Court as to the status of their mediation efforts, including whether a resolution has been reached and if the parties believe a scheduling conference should be set.

Dated: October 15, 2014

Respectfully submitted,

/s/ Benjamin H. Richman_ _   /s/ Benjamin Sandahl_____

EDELSON PC
Eve-Lynn J. Rapp.
Christoper Lillard Dore
Benjamin H. Richman
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
*Attorneys for Plaintiff*

Benjamin Sandahl
KIRKLAND & ELLIS LLP
300 North LaSalle St.
Chicago, IL 60654
bsandahl@kirkland.com
Tel. (312) 862-2000
Fax (312) 862-2200

Jay P. Lefkowitz, P.C. (*pro hac vice* application forthcoming)
Joseph Serino Jr., P.C. (*pro hac vice* application forthcoming)
Kristin Sheffield-Whitefield (*pro hac vice* application forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-6460
lefkowitz@kirkland.com
jserino@kirkland.com
kwhitehead@kirkland.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

On October 15, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) have been so served.

/s/ *Benjamin Sandahl*